## Raymond Louis Rebideau v. Julius Moeykens and R. Kent Stoneman

[312 A.2d 926]

No. 77-73

Present: Shangraw, C.J., Barney, Smith, Keyser, and Daley, JJ.

Opinion Filed December 4, 1973

*Raymond Louis Rebideau, pro se.*

*Kimberly B. Cheney,* Attorney General, and *Raymond L. Betts,* Assistant Attorney General, on the brief.

**Shangraw, C.J.** This is an appeal by the petitioner from a denial of his petition for post-conviction relief by the Windsor County Court.

The petitioner was convicted of murder in the first degree on the 26th of March, 1973, in the Addison County Court. He was sentenced to life imprisonment and committed to the custody of the Commissioner of Corrections, who designated the Vermont State Prison in Windsor as the place of his confinement. He then brought a petition, *pro se,* for a Writ of *Habeas Corpus,* which was heard by the Windsor County Court on the 18th of April, 1973. The court made conclusions of law and entered an order denying the petition on the ground that it failed to set forth any factual or legal ground which would justify the issuance of the writ.

It is the petitioner's contention that the Legislature was without authority, in its enactment of No. 199 of the Public

Acts of 1971 (Adj. Sess.), to strike the words "in the state prison" from 13 V.S.A. § 2303, the statute setting forth the punishment for murder. He contends that the legislative action was prohibited by Chapter I, Article 10, and Chapter II, § 56, of the Vermont Constitution and that the effect of such legislation was the creation of an *ex post facto* law.

■ ■ We must dismiss the petitioner's contentions as to the authority of the Legislature to enact Public Act No. 199. Chapter II, § 56, of the Vermont Constitution bars the Legislature from commuting, remitting, or mitigating the sentences of individual felons; it does not affect the Legislature's power to enact laws of general jurisdiction. Chapter I, Article 10, is not applicable to the case at bar as it deals with an accused's right to waive a jury trial.

Before the enactment of Public Act No. 199, the pertinent part of 13 V.S.A. § 2303 read as follows:

§ 2303 —Penalties

The punishment of murder in the first degree shall be death or imprisonment in the state prison for life as the jury shall determine.

As amended by No. 199 of the Public Acts of the 1971 (Adj. Sess.) and No. 307 of the Public Acts of 1965, the section now reads:

(a) The punishment of murder in the first degree shall be imprisonment for life.

For the purposes of redefining the categories of crime and allowing a greater degree of flexibility within the Department of Corrections, Public Act No. 199 amended Title 13 to delete the phrase "in the state prison", No. 199, § 15, of the Public Acts of 1971 (Adj. Sess.), and amended Title 28 to commit convicted persons to the custody of the Commissioner of Corrections rather than to any particular facility. See 28 V.S.A. § 701(a), (c), No. 199, § 20, of the Public Acts of 1971 (Adj. Sess.). Title 28 was also amended so as to give the Commissioner the authority to designate the place of confinement of convicted persons. See 28 V.S.A. § 701(b), No. 199, § 20, of the Public Acts of 1971 (Adj. Sess.). As it is relevant to the

petitioner then, the only change in the statute is the deletion of the words "in the state prison". Before as well as after the amendment, 13 V.S.A. § 2303 prescribed life imprisonment for first degree murder. Prior to the amendment, any person convicted of first degree murder would have been sentenced to the state prison; after the amendment, such person would have been sentenced to the custody of the Commissioner of Corrections, and the Commissioner would decide whether to confine him in the state prison or in some other correctional facility under his control. But in either case, the convicted person would be sentenced to confinement in some facility for the rest of his natural life.

■   13 V.S.A. § 2303, as amended, is not repugnant to the constitutional provision declaring that no state shall pass an *ex post facto* law. The instant case is analogous to *Rooney* v. *North Dakota*, 196 U.S. 319 (1905). As there stated, the statute "did not create a new offense nor aggravate or increase the enormity of the crime for the commission of which the accused was convicted, nor require the infliction upon the accused of any greater or more severe punishment than was prescribed by law at the time of the commission of the offense". *Rooney* v. *North Dakota, supra,* 196 U.S. at 325. At most, the changes in the law here are in mitigation of punishment for the crime committed and "a statute which mitigates the rigor of the law . . . cannot be regarded as *ex post facto.*" *Rooney* v. *North Dakota, supra,* 196 U.S. at 305, and cases cited therein.

■   Moreover, 13 V.S.A. § 2303, as amended, is not *ex post facto* as to the petitioner. Number 199 of the Public Acts of 1971 (Adj. Sess.) became effective on July 1, 1972. See No. 199, § 23, of the Public Acts of 1971 (Adj. Sess.). Petitioner committed the crime of murder in the first degree on August 13, 1972. Thus, the amended law was in effect at the time the crime was committed. There is then, no question as to the retrospective operation of 13 V.S.A. § 2303, as amended, with regard to the petitioner, for the statute was wholly prospective as applied to his crime.

*Judgment affirmed.*